UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Dino N. Theodore and
Access with Success, Inc.

    v.                                Civil No. 13-cv-162-JD

TMT Salem Park Plaza, Inc.


O R D E R

Dino N. Theodore and Access with Success, Inc. brought suit against TMT Salem Park Plaza, Inc., as the owner of a shopping center known as Salem Park Plaza, seeking injunctive relief for violations of Title III of the Americans with Disabilities Act. When the plaintiffs' counsel discovered that TMT sold Salem Park Plaza in January of this year before the plaintiffs' complaint was filed in April, counsel intended to amend the complaint to name the new owner, Linear Retail Salem #2, LLC, as the defendant and to dismiss the claims against TMT. Counsel filed the notice of voluntary dismissal first, however, which resulted in the case being closed. The plaintiffs now move to reopen the case, pursuant to Federal Rule of Civil Procedure 60(b)(1) and for leave to file an amended complaint to name the proper defendant.

I.  <u>Motion to Reopen</u>

Rule 60(b)(1) allows the court to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." When the judgment was entered due to a party's or his legal representative's deliberate decision, no mistake occurred and relief under Rule 60(b)(1) is not available. <u>Ungar v. Palestine Liberation Org.</u>, 599 F.3d 79, 85 (1st Cir. 2010).  Therefore, the reason for the error is critical to determining whether relief is available under Rule 60(b)(1). <u>Developer Inv. Corp. v. Chicago Title Ins. Co.</u>, 2012 WL 1432545, at *2-*3 (D.N.H. Apr. 25, 2012).

In the motion to reopen the case, which is supported by the plaintiffs' counsel's affidavit, counsel explains that he intended to file a notice of amended complaint, the amended complaint naming the proper defendant, and then the notice of voluntary dismissal of the claims against TMT.  By mistake, counsel filed the notice of voluntary dismissal first with the inadvertent consequence of terminating the entire case.  Counsel asks that he be permitted to correct his mistake by reopening the case.

Under the circumstances presented, the case was closed based on counsel's mistake.  Therefore, relief under Rule 60(b)(1) is appropriate.

II.  Motion to Amend

Federal Rule of Civil Procedure 15(a)(1) provides that a "party may amend its pleading once as a matter of course within 21 days after serving it, or . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Leave should be freely given "when justice so requires."  Id.

The plaintiffs seek leave to file an amended complaint to name the proper defendant, Linear Retail Salem #2, LLC.  The plaintiffs' counsel represents that he discovered that Linear Retail is the owner of Salem Park Plaza based on the deed recorded on January 15, 2013.  Neither defendant has been served.

Although leave may not be required to file the amended complaint at this juncture, the unusual circumstances presented here make a motion for leave a prudent procedure.  Justice requires allowing the amended complaint to name the proper defendant.

Conclusion

For the foregoing reasons, the plaintiffs' motion to reopen the case (document no. 5) is granted. The case is reopened.

The plaintiff's motion for leave to file an amended complaint (document no. 6) is granted.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

May 15, 2013

cc: Nicholas S. Guerrera, Esquire